## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

BRIAN MCCONNELL,

            Plaintiff,                  **Case No.:**

v.

AMERICAN   GENERAL   LIFE
INSURANCE COMPANY,

            Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, BRIAN MCCONNELL (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, AMERICAN GENERAL LIFE INSURANCE COMPANY (hereinafter, "Defendant"/"AIG"), and alleges as follows:

1.    This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. Section 1001, Et Seq. ("ERISA"). Plaintiff seeks to recover benefits he claims are due to him under the ERISA governed plan pursuant to 29 U.S.C. §1132(a)(1)(b) ("ERISA"). More specifically, Plaintiff seeks long-term disability benefits under his former

employer's group policy issued by Defendant which he claims has been wrongfully denied.

## **PARTIES**

2.      Plaintiff, BRIAN MCCONNELL, is and at all times material hereto was, an adult resident citizen of Baldwin County, Alabama.

3.      Defendant is, and at all times material hereto was, a foreign for-profit corporation incorporated under the laws of the State of Delaware and authorized to engage and engaging in business within the State of Alabama, including the Southern District of Alabama.

4.      At all times relevant to this action, Defendant provided insurance long-term disability ("LTD") benefits to Plaintiff pursuant to AIG Benefit Solutions, LTD Group Policy number G253772 ("the Plan").

5.      At all times relevant to this action, the Plan was in full force and effect and Plaintiff was a Plan participant.

6.      Defendant is in possession of all master Plan Documents.

7.      Defendant is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a Plan fiduciary without discretion to interpret Plan provisions.

2

## BASIS FOR JURISDICTION

8.    This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. Section 1132(e) and 28 U.S.C. Section 1331.

## FACTS APPLICABLE TO ALL COUNTS

9.    Plaintiff purchased through his employer, RWD Technologies, a contract of salary continuance insurance including LTD benefits.

10.    On or before November 7, 2008, Plaintiff became totally disabled from his past employment as defined by the Plan, due to herniated lumbar discs, sciatica, scoliosis, back pain and other exertional and non-exertional impairments.

11.    Plaintiff made application for LTD benefits to the Defendant, and Defendant approved such application and initiated disability benefit payments to Plaintiff. Such benefits continued uninterrupted for a period of almost ten (10) years.

12.    On or about June 5, 2018, Defendant or its agents terminated all LTD benefits being paid to Plaintiff under the aforesaid Plan.

13.    Plaintiff timely appealed the termination of LTD benefits by the Defendant, by letter dated November 28, 2018 seeking immediate

reinstatement of LTD benefits.

14.   By letter dated December 10, 2018, Defendant confirmed the receipt of Plaintiff's LTD appeal.

15.    By letter dated February 27, 2019, Defendant denied Plaintiff's LTD appeal and upheld its previous decision to terminate all LTD benefits payable to Plaintiff under the Plan.

16.   Plaintiff continues to suffer from chronic back pain, including herniated lumbar discs, sciatica, scoliosis, and other exertional and non-exertional impairments which render him disabled from "Any Occupation" as defined by the Plan language.

17.   Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

18.   Each of Defendant's denials of Plaintiff's claim for LTD benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits under the terms of the Plan.

19.   Defendant's denial of Plaintiff's LTD claim was further wrongful

4

in that Defendant submitted Plaintiff's medical documentation for an independent medical review and failed to allow Plaintiff the opportunity to comment on said review prior to issuing its February 27, 2019 denial letter.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated this 3rd day of April, 2019.

Respectfully submitted,

/s/ Daniel M. Soloway
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (P)
Counsel for Plaintiff