# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRIAN MCCONNELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0174-WS-MU |
| | ) |
| AMERICAN GENERAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

The parties filed cross-motions for partial summary judgment, confined to the single issue of the applicable standard of review of the defendant's decision to terminate the plaintiff's benefits under ERISA. The Court ruled that, for purposes of this action, 29 C.F.R. § 2560.503-1(h)(4)(i) applied to the plaintiff's claim, that the defendant violated this provision, and that in consequence the standard of review applicable to the defendant's decision to terminate benefits is *de novo*. (Doc. 30). The matter is now before the Court on the defendant's motion to reconsider the first and third of these rulings. (Doc. 32). The plaintiff has filed a response, (Doc. 33), and the motion is ripe for resolution.

As the defendant recognizes, (Doc. 32 at 1), and as the Court has declared many times, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted); *accord Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1379 & n.3 (S.D. Ala. 2009) (the same rule applies to non-final orders).

> Motions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously

>made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.

*Id*. at 1379 (internal quotes omitted).

The first issue resolved by the Court, as phrased by the defendant, was whether "[t]he recent amendments to the claims regulations [specifically, subsection (h)(4)(i)] apply to Plaintiff's claim." (Doc. 25 at 6). The defendant argued the negative, based on explanatory introductory material regarding applicability date offered by the Department of Labor in promulgating the new regulatory language. (*Id*. at 6-8; Doc. 29 at 4-6). The Court ruled in the affirmative, based on the clear language of the regulation itself, specifically, Section 2560.503-1(p), titled "Applicability dates and temporarily applicable provisions." Because the defendant did not address the regulatory language or even acknowledge its existence, it forfeited any argument (which would be problematic in any event) that the introductory material (which the Court described as a "summary statement" but which is technically termed part of the preamble, *see infra* n.2) could override the regulation's express terms. (Doc. 30 at 3-5).

The defendant objects that, until the Court's order, it had "no notice" that anyone "dispute[d]" the proposition that the preamble controlled the applicability of subsection (h)(4)(i). The defendant blames this on the plaintiff, who did not contest the defendant's position that the preamble provided the "operative" language regarding applicability date and instead attempted to show that this language should be construed in a manner favorable to the plaintiff. The defendant believes it therefore should be given an opportunity now to show that the preamble trumps the regulation or that it at least creates an ambiguity that must be resolved in the defendant's favor. (Doc. 32 at 2-9).

To be clear, the legal theory on which the defendant's motion for partial summary judgment was based – that language in a preamble accompanying

promulgation of a regulation obviates consideration of the regulatory language itself – is patently incorrect. "In construing a statute *we must begin*, and often should end as well, *with the language of the statute itself*." *Nesbitt v. Candler County*, 945 F.3d 1355, 1358 (11th Cir. 2020) (emphasis added, internal quotes omitted).[1] The same principle, of course, applies to regulatory construction: "When we construe regulations, we begin with the language of the regulation, just as we do for statutes." *Landau v. RoundPoint Mortgage Servicing Corp.*, 925 F.3d 1365, 1369 (11th Cir. 2019); *accord Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1105-06 (11th Cir. 2014); *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1272 (5th Cir. 1978).[2]

---

[1] The Eleventh Circuit has so stated on occasions too numerous to mention. *E.g., In re: Dukes*, 909 F.3d 1306, 1313 (11th Cir. 2018); *United States v. Noel*, 893 F.3d 1294, 1297 (11th Cir. 2018); *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1348 (11th Cir. 2017).

[2] The defendant, without acknowledging this principle, insists that the introductory statement regarding applicability date is the exclusive source of the applicability date simply because that has been so in other instances. (Doc. 32 at 4-7). And so it has – when the regulation itself contained no provision regarding effective date and/or applicability date. Here, however, the regulation in subsection (p) explicitly provides the test for applicability.

The introductory material on which the defendant relies is not within the regulation but within the antecedent material called the "preamble," which includes all language prior to the language actually amending the regulation. *Natural Resources Defense Council, Inc. v. South Coast Air Quality Management District*, 651 F.3d 1066, 1073 (9th Cir. 2011). In particular, "effective dates" provisions are part of the preamble, not the regulation. *P.I.A. Michigan City Inc. v. Thompson*, 292 F.3d 820, 825 (D.C. Cir. 2002); *Santa Fe Energy Products Co. v. McCutcheon*, 90 F.3d 409, 413 (10th Cir. 1996). Only the regulation – not the preamble – carries the force of law. *Harman Mining Co. v. Director, Office of Workers' Compensation Programs*, 678 F.3d 305, 315 (4th Cir. 2012). The preamble "is not an operative part of" the regulation and "should not be considered unless the regulation itself is ambiguous." *El Comite para El Bienestar de Earlimart v. Warmerdam*, 539 F.3d 1062, 1070 (9th Cir. 2008) (internal quotes omitted); *accord Peabody Twentymile Mining, LLC v. Secretary of Labor*, 931 F.3d 992, 998 (10th Cir. 2019); *Wyoming Outdoor Council v. United States Forest Service*, 165 F.3d 43, 53 (D.C. Cir. 1999). It is thus indisputable that the defendant cannot invoke the applicability date provision of the preamble without first addressing the regulation's treatment of the applicability date.

The defendant was free to ignore this bedrock principle, but neither its decision to do so nor the plaintiff's failure to catch the error compelled the Court to play along. "[P]arties cannot waive the application of the correct law or stipulate to an incorrect legal test." *Jefferson v. Sewon America, Inc.*, 891 F.3d 911, 923 (11th Cir. 2018). This proposition, whatever its outer boundaries, certainly extends to black-letter law regarding the starting point of regulatory construction.

The defendant does not deny a court's authority to reject a litigant's flawed analysis despite its opponent's failure to point out the flaw. Nor could it plausibly do so, given cases such as *United States v. One Piece of Real Property*, 363 F.3d 1099 (11th Cir. 2004), which held that "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *Id*. at 1101. What the defendant proposes, however, is a litigant's automatic entitlement to a second bite at the apple – this time using the correct legal analysis identified by the Court – whenever the litigant's opponent fails in its briefing to object to the litigant's flawed analysis. The defendant believes this opportunity is appropriate because, unless the opponent objects, the litigant has "no notice" that its flawed analysis might not prevail.

The Court rejects outright any suggestion by the defendant that a losing litigant may obtain reconsideration simply because it did not expect to lose. In litigation, there is always a risk of losing, and such a lax rule would both contradict all manner of precedent and reward litigants for overconfidence rather than for preparation and merit.

In any event, and whatever may be the situation in other cases, the defendant here plainly was on notice that its reliance on the preamble to the exclusion of the regulatory language risked failure. The case law cited above placed the defendant on notice that analysis had to begin with the regulation's

language.  The regulation itself placed the defendant on notice of that language and its inconsistency with the preamble.  Both *Jefferson* and *One Piece of Real Property* placed the defendant on notice that the Court could reject its legal theory regardless of the plaintiff's silence.  Because the defendant was on notice that its legal theory was wrong and that the Court could reject it despite the plaintiff's ignorance of the error, the defendant's novel argument in support of reconsideration fails on its own terms.

The defendant cites authority for the proposition that reconsideration is available (apparently under the manifest injustice prong) if a court "'has made a decision outside of the adversarial issues presented to the Court by the parties.'" (Doc. 32 at 1-2 (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).  Perhaps, but the Court has not done so.  As noted, the issue presented by the defendant was whether subsection (h)(4)(i) "appl[ied] to the plaintiff's claim," (Doc. 25 at 5), and that is the issue the Court addressed and resolved.

Like all litigants, the defendant was master of its arguments and the support it offered for them.  In exercising this privilege regarding the issue of subsection (h)(4)(i)'s applicability, the defendant elected to hinge its argument on the preamble, to the exclusion of the regulatory language.  No doubt the defendant had good reasons for doing so; that effort having failed, however, the defendant is not entitled to a do-over, because motions to reconsider "do not … serve to relieve a party of the consequences of its original, limited presentation."  *Nelson*, 668 F. Supp. 2d at 1379 (internal quotes omitted).

The second issue resolved by the Court was whether the defendant's admitted failure to comply with subsection (h)(4)(i) altered the standard of review of its benefits termination decision from arbitrary and capricious to *de novo*.  The defendant argued the negative, presenting only the very narrow argument that the Eleventh Circuit in *White v. Coca-Cola Co.*, 542 F.3d 848 (11th Cir. 2008), had already resolved this complex issue in its favor, without further arguing that, if the

issue was still open, it should now be resolved in the defendant's favor. (Doc. 25 at 7; Doc. 29 at 7-9).[3] The Court, analyzing *White* (as the defendant had not), concluded that *White* did not resolve the issue and, in the absence of any other argument in favor of arbitrary and capricious review, determined that *de novo* review would apply in this case. (Doc. 30 at 5-8).

The defendant's argument on motion to reconsider echoes that regarding the applicability of subsection (h)(4)(i): "In light of Plaintiff's failure to address [the defendant's] interpretation of *White*, [the defendant] had no way of knowing prior to the Court's January 21, 2020 Order that further discussion of its reliance on the language of *White* … would be necessary." (Doc. 32 at 9-10). Again, the defendant claims the right of a litigant to present a weak argument and, upon its rejection by the Court, to try again, based on the opponent's failure to point out to the litigant the weaknesses in its argument.

In a word, no. It is the responsibility of the litigant to marshal the arguments it presents to the Court, and to present those arguments in as thorough and persuasive a fashion as it desires, anticipating and (when possible) deflecting potential weaknesses. A litigant can abdicate this responsibility, but it cannot transfer the responsibility to its opponent. Once again, motions to reconsider "do not … serve to relieve a party of the consequences of its original, limited presentation." *Nelson*, 668 F. Supp. 2d at 1379 (internal quotes omitted).

For the reasons set forth above, the defendant's motion for reconsideration is **denied**.

DONE and ORDERED this 26th day of February, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] The defendant's argument in its opening brief consisted of a single paragraph simply citing *White* and a district court opinion. (Doc. 25 at 7). The defendant titled the relevant section of its reply brief, "The Eleventh Circuit's holdings on the issues in this case control here …" (Doc. 29 at 7).